

ENTERED
04/08/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*,[1] <br><br> Debtors. <br> _____ <br><br> WARRIOR CUSTOM GOLF, INC., WARRIOR ACQUISITIONS, LLC, AND WARRIOR GOLF, LLC (DE), <br><br> Plaintiffs, <br><br> v. <br><br> CECIL MELLINGER, <br><br> Defendant. | Chapter 11 <br> Case No. 19-50026 (DRJ) <br> Jointly Administered <br><br><br><br><br><br> Adversary Proceeding <br> No. 20-03037 (DRJ) |

**STIPULATED ORDER RESOLVING ADVERSARY PROCEEDING**

Plaintiffs Warrior Custom Golf, Inc. Warrior Acquisitions, and Warrior Golf, LLC, a Delaware limited liability company, and the affiliated non-Plaintiff Debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), and Cecil Mellinger ("**Mellinger**") (hereinafter, the Debtors and Mellinger are collectively referred to as the "**Parties**"), do hereby enter into this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets, LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); Warrior Custom Golf, Inc. (2941); Warrior Golf Equities, LLC (9803); Warrior Golf Capital, LLC (5713); Warrior Golf Resources, LLC (6619); Warrior Golf Legends, LLC (3099); Warrior Golf Holdings, LLC (2892); and Warrior Capital Management, LLC (8233). The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.

Stipulated Order Resolving Adversary Proceeding (this "**Stipulated Order**") based upon the following:

## RELEVANT BACKGROUND

1. On February 5, 2020, three of the Debtors in these Chapter 11 administratively consolidated Cases (Warrior Custom Golf, Inc. Warrior Acquisitions, and Warrior Golf, LLC, a Delaware limited liability company) filed a Complaint (the "**Complaint**") (Adversary Proceeding Doc. No. 1], commencing this Adversary Proceeding against Mellinger, seeking, *inter alia*, to avoid and recover involuntary transfers of property, to or for the benefit of Mellinger during the 90-day period prior to the filing of the Debtors' chapter 11 bankruptcy petitions. In addition, the Complaint sought to disallow, pursuant to Section 502(d) of the Bankruptcy Code, any claim that Mellinger has filed or asserted against any of the above-captioned Debtors or any claim for Mellinger that has been scheduled.

2. On March 7, 2020, Mellinger filed his Answer and Counterclaim [Adversary Proceeding Doc. No. 8] (the "**Answer & Counterclaim**").   Hereinafter the Complaint, and the Answer & Counterclaim are referred to collectively as the "**Adversary Proceeding**".

3. The Parties have agreed, subject to the Court's approval, to a complete resolution of the Adversary Proceeding, pursuant to the following terms:

   a. Upon entry of an Order of the Court approving this Stipulated Order, Mellinger shall, within 5 business days thereof, cause that certain State Court litigation, entitled *Cecil Mellinger vs Warrior Custom Golf, Inc., et al., etc.* and case number 2018-CA-5129, pending in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, and any and all related proceedings in any and all appellate courts (hereinafter, collectively, the "**Florida Litigation**"), to be dismissed, with prejudice.

    b.    Upon entry of an Order of the Court approving this Stipulated Order the Adversary Proceeding shall be deemed dismissed, with prejudice.

    c.    Upon entry of an Order of the Court approving this Stipulated Order, Mellinger shall, within 5 business days thereof, cause that certain lien recorded in St. Johns Country, Florida, Official Records Book 4657 at Page 563, to be fully released and discharged. Mellinger shall provide the Debtors with a recorded copy of such lien release and discharge.

    d.    With regard to Mellinger's claims against the Debtors:

        i.    The Debtors and the Committee have filed the *Debtors' and Committee's Joint Plan of Reorganization* [Docket No. 740] (the "**Original Plan**"); and anticipate filing a *First Amended Debtors' and Committee's Joint Plan of Reorganization* (the "**1st Amended Plan**");

        ii.    Mellinger shall have an aggregate Allowed Investor Claim (as such terms are defined in the Original Plan, which terms are not intended to be changed in the 1st Amended Plan), in the amount of $1,278,743.20, with treatment as provided in Class 5 of the Original Plan (which treatment is not intended to be changed in the 1st Amended Plan);

        iii.    Mellinger has agreed to support the 1st Amended Plan (assuming the terms thereof are consistent with the matters addressed in this Stipulated Order), and shall not exercise his Direct Claim Opt Out Right for holders of Class 5 Claims (as such terms are defined in the Original Plan, which terms are not intended to be changed in the 1st Amended Plan);

59217/0001-20019028v4

   iv. Notwithstanding Mellinger's agreement to not exercise the Direct Opt Out Right afforded to creditors holding allowed Class 5 Claims, nothing in the Direct Opt Out Right, pursuant to the Original Plan or the 1st Amended Plan, shall apply to any claim, litigation, cause of action or otherwise, that Mellinger may have against the counsel that represented the Debtors in the Florida Litigation.

   v. In the event that: (a) the 1st Amended Plan, or any other proposed plan, is not consistent with the provisions of this Stipulated Order; or (b) the Debtors' cases are converted to cases under Chapter 7, then Mellinger: (x) is not obligated to support such 1st Amended Plan or other plan; and (y) may exercise his Direct Opt Out Right.

  e. Concurrent with the closing of a sale of the real property commonly known as the Royal St. Augustine Golf & Country Club, through the escrow transaction thereof, and before any distribution by the escrow holder to the Debtors or the Reorganized Debtors, the Debtors, or the Reorganized Debtors, as the case may be, shall instruct the escrow holder to cause a payment of $75,000 to be made Mellinger, *via* his counsel.

  4. The Official Committee of Unsecured Creditors, consents to the terms of this Stipulated Order, as evidence by its Counsel's execution hereof.

[Balance of this page is intentionally blank – signature blocks appear on the next page]

**Agreed to as to form and content, this March 17, 2020.**

| | |
|---|---|
| **JORDAN, HOLZER & ORTIZ, P.C.**<br><br>*/s/ Shelby A. Jordan*<br>Shelby A. Jordan (TX Bar No. 11016700)<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, TX 78401<br>Tel:  361.884.5678<br>Fax: 361.888.5555<br>sjordan@jhwclaw.com<br><br>**COUNSEL FOR MELLINGER** | **COLE SCHOTZ P.C.**<br><br>*/s/ Michael D. Warner*<br>Michael D. Warner, Esq. (TX Bar No. 00792304)<br>Benjamin L. Wallen, Esq. (TX Bar No. 24102623)<br>301 Commerce St., Suite 1700<br>Fort Worth, TX 76102<br>Tel: 817.810.5250<br>Fax: 817.977.5273<br>mwarner@coleschotz.com<br>bwallen@coleschotz.com<br><br>**COUNSEL FOR THE DEBTORS** |
| **COZEN O'CONNOR**<br><br>By: */s/ Thomas J. Francella, Jr.*<br>Thomas J. Francella, Jr., Esq.<br>(Admitted *Pro Hac Vice*)<br>1201 N. Market Street, Ste. 1001<br>Wilmington, DE 19801<br>(302) 295-2023<br>(302) 295-2013 (fax)<br>tfrancella@cozen.com<br><br>**COUNSEL FOR THE COMMITTEE** | |

APPROVED on April 8, 2020.

**Signed:  April 08, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**